UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERESA GRANT | ) |
| | ) |
| Plaintiff | ) CIVIL ACTION NO.: |
| | ) |
| V. | ) |
| | ) |
| WELLS FARGO HOME MORTGAGE, INC. | ) |
| D/B/A AMERICA'S SERVICING | ) |
| COMPANY, INC. | ) |
| | ) |
| Defendant | ) SEPTEMBER 23, 2009 |
| | ) |

COMPLAINT

Plaintiff Teresa Grant complains against Defendant Wells Fargo Home Mortgage, Inc. d/b/a America's Servicing Company as follows:

COUNT I: FAILURE TO PROPERLY POST PAYMENTS

1.    Plaintiff Teresa Grant is a Connecticut resident with an address of 75 Seneca Road, New Haven, Connecticut 06515.

2.    Defendant Wells Fargo Home Mortgage, Inc. d/b/a America's Servicing Company (hereinafter referred to as "ASC") was at the time relevant to this claim a foreign corporation engaged in the business of, among other things, servicing mortgages and collecting debts thereon, with a principal place of business located at 7495 New Horizon Way,

- 1 -

Frederick, MD 21703.

3.    This is an action pursuant to the Fair Credit
Reporting Act, ("FCRA"), 15 U.S.C. §1681 and the Real Estate
Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605(e) and
§2605(f) and 24 C.F.R. § 3500.21(e)(2)(i), to recover
statutory damages, actual damages, punitive damages and
reasonable attorney's fees and costs.

4.    This Court has jurisdiction over all claims at
issue in this action pursuant to the provisions of 12 U.S.C.
§2614 in that the action is brought pursuant to the
provisions of 12 U.S.C §2605, in the district in which the
property involved is located, or where the violation is
alleged to have occurred, within 3 years in the case of a
violation of 12 USC §2605.

5.    This Court has jurisdiction over all claims at
issue in this action pursuant to the provisions of 15 U.S.C.
§1681p in that the action is brought pursuant to the
provisions of 15 U.S.C §1681, in the district in which the
property involved is located, or where the violation is
alleged to have occurred, within 2 years of the discovery of
a violation of that section.

6.   This court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331, as this court has jurisdiction to hear the RESPA and FCRA violations.

7.   Venue lies in this district pursuant to 28 U.S.C. §1391(b).

8.   Defendant ASC transacts or has transacted business in this district.

9.   Defendant ASC is a "person" as that term is defined by Section 3(5) of RESPA, 12 U.S.C. §2060(5), and is subject to the requirements of the RESPA.

10.  In connection with the servicing and collection of mortgage loans, Defendant ASC furnishes information to consumer reporting agencies.  As such, Defendant ASC is subject to Section 623 of the FCRA, 15 U.S.C. §1681s-2, which imposes a series of duties and prohibitions on any person or entity that furnishes information to a consumer reporting agency.

11.  On or about July 24, 2006, Plaintiff Teresa Grant granted a mortgage to BNC Mortgage, Inc. on her home at 75 Seneca Road, New Haven, Connecticut 06515.

12.  After a time, Defendant ASC became the servicer for Plaintiff Grant's home mortgage.

13.   Plaintiff Grant's mortgage loan, as serviced by Defendant ASC, has due dates and grace periods after which a loan payment is due but before which a late fee may be assessed.

14.   In many instances, Defendant ASC failed to post Plaintiff Grant's on-time mortgage payments to her account in a timely manner, and then charged her late fees or additional interest for failing to make her payments "on-time."

15.   Once the loan is categorized as "delinquent," Defendant ASC charges unwarranted fees, including late fees. ASC then fails to apply subsequent mortgage payments to the amount due, or applies those payments to other fees allegedly owed instead of the principal and interest actually due. As a result of these practices, Plaintiff Grant fell further behind in her scheduled mortgage payments according to Defendant ASC's records.

16.   Defendant ASC holds mortgage payments "in suspense" for various reasons, even though the full payment was received on time.

17.   Once in suspense, the payment, although received on time, is considered late.

18.   In practice, the creation of a suspense account allowed Defendant to divert Plaintiff's payments away from

her mortgage debt.  As a result, Plaintiff Grant remained subject to additional fees and related problems on her loan.

19.  This leads to additional late fees, foreclosure fees, and modification fees, including at least one $1,800.00 modification fee.

20.  Defendant ASC has numerous times reported 60-day and 90-day late payments to the credit report of Plaintiff Grant, thereby damaging her credit rating.

21.  When Plaintiff Grant disputed these aspects of her loan servicing, in many instances, Defendant ASC failed to timely and adequately acknowledge, investigate and respond to the complaint.

22.  In the course and conduct of their loan servicing and collection, Defendant in numerous instances has failed to timely or properly post payments received from Plaintiff Grant in a timely manner, and have assessed late fees as a result.

23.  For example, on May 6, 2009, Defendant ASC received and posted a payment of $2,941.99 from Plaintiff Grant.  On May 11, 2009, Defendant ASC reversed the payment and placed the $2,941.99 in suspense, and assessed a late fee as a result.

- 5 -

24.  A true and correct copy of the account statement from May 20, 2009 showing the payment reversal and late fee is attached as Exhibit 1.

25.  Defendant's actions have caused and are likely to cause substantial injury to Plaintiff Grant.  This injury is not reasonably avoidable by Plaintiff Grant and not outweighed by any countervailing benefit to Plaintiff Grant.

COUNT II: MISREPRESENTATION OF AMOUNT OWED

1. – 25.  Paragraphs 1. through 25. of Count ONE are incorporated herein by reference into Count TWO as paragraphs 1. through 25.

26.  In the course and conduct of its loan servicing, Defendant ASC has represented, expressly or by implication, that Plaintiff Grant owed amounts specified in Defendant's communications.

27.  Plaintiff Grant has not owed the amounts specified because, for example, fees included in the amounts specified are a result of Defendant ASC's failure to properly post payments as alleged in Count I.

28.  Plaintiff Grant has been damaged by Defendant's actions.

F:\WORK\HPL\LIT\Grant complaint 2009-09-23.doc

COUNT III: UNFAIR AND DECEPTIVE ASSESSMENT AND COLLECTION OF
FEES

1. - 28.   Paragraphs 1. through 28. of Count TWO are
incorporated herein by reference into Count THREE as
paragraphs 1. through 28.

29.  In the course and conduct of their loan servicing
and collection, Defendant ASC has represented, expressly or
by implication, that fees assessed and collected were (a)
allowed under the mortgage contract and (b) permitted by law.

30.  On numerous occasions, the fees assessed and
collected by Defendant ASC were (a) not allowed under the
mortgage contract and (b) not permitted by law.

31.  Defendant's actions have caused and are likely to
cause substantial injury to Plaintiff Grant.  This injury is
not reasonably avoidable by Plaintiff Grant and not
outweighed by any countervailing benefit to Plaintiff Grant.

COUNT IV: VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT

1. - 31.  Paragraphs 1. through 31. of Count THREE are
incorporated herein by reference into Count FOUR as
paragraphs 1. through 31.

32.  Defendant ASC regularly and in the ordinary course
of business furnishes information to one or more consumer
reporting agencies about their transactions and experiences

with Plaintiff Grant, a consumer, and thus must comply with the provisions of Section 623(a)(2) of the FCRA, 15 U.S.C. §1681s-2(a)(3).

33. Plaintiff Grant informed Defendant ASC that she disputed information furnished by the Defendant to consumer reporting agencies, Defendant has not reported the dispute to any or all of the consumer reporting agencies to which the Defendant furnishes the information.

34. Plaintiff Grant requested ran a credit report on or about July 3, 2009, and Defendant ASC showed a hit for 60 days past due, but with no notation that the amounts or status is in dispute.

35. A true and correct copy of this July 3, 2009 credit report summary is attached as Exhibit 2.

36. On or about July 30, 2009, Plaintiff Grant ran a credit report, and Defendant ASC showed multiple past due amounts, but with no notation that any of the past due amounts are in dispute.

37. A true and correct copy of this July 30, 2009 credit report is attached as Exhibit 3.

38. The acts and practices alleged in Paragraph 41 constitute violations of Section 623(a)(3) of the FCRA, 15 U.S.C. §1681s-2(a)(3).

39.  Plaintiff Grant suffered damages as a result of Defendant's actions.

COUNT V: REAL ESTATE SETTLEMENT PROCEDURES ACT VIOLATIONS

1. – 39. Paragraphs 1. through 39. of Count FOUR are incorporated herein by reference into Count FIVE as paragraphs 1. through 39.

40.  On or about June 12, 2009, Plaintiff Teresa Grant, through her counsel, faxed a Qualified Written Request ("QWR") under RESPA to Defendant ASC.

41.  A true and correct copy of the QWR from June 12, 2009 is attached as Exhibit 4.

42.  Defendant ASC has not yet responded to the June 12, 2009 QWR.

43.  The failure to timely and adequately acknowledge, investigate and respond to Plaintiff Grant's qualified written request for information about the servicing of her loan and escrow account is a violation of Section 6 of RESPA, 12 U.S.C. §2605.

44.  In multiple other instances, in connection with the servicing of the mortgage loan and the administration of the escrow account of Plaintiff Grant, Defendant has violated the

- 9 -

requirements of Section 6 of RESPA, 12 U.S.C. §2605, including the failure to

      a. Promptly post payments received in a timely manner;

      b. Timely apply payments to principal and interest on Plaintiff Grant's account;

45.  Plaintiff Grant was damaged by Defendant's actions.


COUNT VI: VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

1. – 45.  Paragraphs 1. through 45. of Count FIVE are incorporated herein by reference into Count SIX as paragraphs 1. through 45.

46.  Defendant is engaged in a trade or business within the meaning of Connecticut General Statutes §42-110b.

47.  Defendant's conduct constitutes deceptive and/or unfair trade practices.

48.  As a result of Defendant's conduct, Plaintiff has suffered an ascertainable loss or property or money damages.

Plaintiff Teresa Grant prays for:

1. Actual damages;

2. Punitive damages under common law, Connecticut General Statutes §42-110g and 15 U.S.C. §1681n(a)(2);

3. Statutory damages under 12 U.S.C. §2605(f)(1) and 15 U.S.C. §1681n(a)(1)(a);

4. Interest;

5. Costs and Attorneys' Fees under 12 U.S.C. §2605(f)(3) and 15 U.S.C. §1681m(c); and

6. Such other and further relief as this court deems just and equitable.

Houston Putnam Lowry
Counsel for Teresa Grant
Brown & Welsh, P.C.
530 Preston Avenue - 2nd Floor
P.O. Box 183
Meriden, CT 06450-0183
(203) 235-1651
Fax: (203) 235-9600
HPLowry@BrownWelsh.com
Federal Bar #CT-05955

- 11 -

# EXHIBIT 1



**ASC**
AMERICA'S SERVICING COMPANY

Return Mail Operations
PO Box 10388
Des Moines, IA 50306-0388

## Monthly Mortgage Statement

Statement Date     05/20/09
Loan Number

### Customer Service

📧 **Online**
mortgageaccountonline.com

📠 **Fax**      ☎ **Telephone**
(866) 453-6315     (800) 842-7654

**Correspondence**     Hours of Operation
PO Box 10328       Mon - Fri 8 AM - 6 PM
Des Moines IA 50306

✉ **Payments**
PO Box 1820
Newark NJ 07101

083776 1 MB 0.382   3776/083776/007551 336 01 ACN80I 106 007
TERESA GRANT
75 SENECA RD
NEW HAVEN CT  06515-1536

### Summary

| | |
|---|---|
| Payment (Principal and/or Interest, Escrow) | $2,941.99 |
| Optional Product(s) | $0.00 |
| **Current Monthly Payment  06/01/09** | **$2,941.99** |
| Overdue Payments 03/01/09 - 05/01/09 | $8,825.97 |
| Unpaid Late Charge(s) | $1,206.80 |
| Other Charges | $20.00 |
| **TOTAL PAYMENT DUE 06/01/09** | **$12,994.76** |

**Property Address**
75 SENECA RD
NEW HAVEN CT 06515

| | |
|---|---|
| Unpaid Principal Balance | $292,212.09 |

*(Contact Customer Service for your payoff balance)*

| | |
|---|---|
| Interest Rate | 9.090% |
| Interest Paid Year-to-Date | $8,868.96 |
| Taxes Paid Year-to-Date | $2,536.32 |
| Escrow Balance | $1,135.36 |

### Important Messages

Your monthly mortgage payment has not been received. Please make your payment immediately. If you have any questions about your account or are unable to send your payment, please contact one of our loan counselors at (800) 842-7654.

This is not your normal billing statement.  This statement has been generated as a result of an item being returned by your bank.  If you have any questions, please contact us at the number listed above.  You may submit a replacement check in the enclosed envelope or use one of the payment options listed on the back of this statement.

### Activity Since Your Last Statement

| Date | Description | Total | Principal | Interest | Escrow | Late Charge | Other |
|---|---|---|---|---|---|---|---|
| 05/18 | LATE FEE | | | | | $120.68- | |
| 05/11 | PMT REVERSAL | | | | | | $2,941.99- |
| 305/06 | PAYMENT | $2,941.99 | | Unapplied | | | $2,941.99 |

Late charges are assessed after the close of business on the assessment date and only after all payments received have been applied.

³JIT EFT payment has been applied. Amount shown exclusive of applicable fees.

083776/007551 ACN80I 3776 ETM1C011 1

---



**ASC**
AMERICA'S SERVICING COMPANY

Please detach and return with your payment

| | |
|---|---|
| Loan Number | |
| Current Monthly Payment Due | $2,941.99 |
| Total Payment Due 06/01/09 | $12,994.76 |
| After 06/16/09 Add Late Fee | $120.68 |
| Total Amount Due After 06/16/09 | $13,115.44 |

*Check here and see reverse for address correction.*

TERESA GRANT

3776/083776/007551 336 01 ACN80I 106 007

AMERICA'S SERVICING CO.
PO BOX 1820
NEWARK NJ 07101-1820

| | |
|---|---|
| Monthly Payment  A | $ |
| x pmt amt | |
| Additional Principal  B | $ |
| Late Charges  C | $ |
| Other Charges  D | $ |
| Additional Escrow  E | $ |
| **Total Amount Enclosed  F** (Please do not send cash) | $ |

Please specify additional funds. Any additional funds not specified will be applied first to any outstanding charges.

# EXHIBIT 2



My Credit Center  ·  Credit Resour

My Credit Center:  |  View Current Report  |  View Archived Reports  |  View Alerts  |  Edit Profile

## Triple Advantage<sup>SM</sup> Credit Monitoring

Enjoy peace of mind knowing all 3 of your national credit reports are monitored every day and that you will be informed of k
when they occur. Actively monitoring your credit can be your first line of defense against identity fraud and potential inaccur

**When we checked your credit report(s), we did NOT find changes to the following items.**

☐ New Inquiries
☐ Potentially Negative Information
☐ Public Records
☐ New Accounts
☐ Address Changes

**View your Experian Credit Report now.**
**CLICK HERE!** ▶

**3 Credit Repor**
How have these changes a
Experian, Equifax, and TransUn
Fi
**CLICK HE**

Disclosure
Each monitoring alert is available on this report for 90 days from the date the alert is posted, with the most recent addition at the t
category. Please note that information is reported to your credit report at different times during the day; therefore, although your c
daily, the calendar day your alert notification and the date your alert is posted may differ.

## New Inquiries

The following inquiries are "hard" or voluntary inquiries and were generated because you authorized the companies listed to
copy of your credit report.

| | EXPERIAN | EQUIFAX | TRANSUNI |
|---|---|---|---|
| **07/01/2009** | | | ✔ |
| Date of Inquiry: | | | |
| Business Name: | | | SALLIE MAE |
| **06/07/2009** | | ✔ | |
| Date of Inquiry: | | 06/04/2009 | |
| Business Name: | | CREDCO AUTOMOTIVE | |
| **06/06/2009** | ✔ | | |
| Date of Inquiry: | 06/04/2009 | | |
| Business Name: | CREDCO | | |
| **06/05/2009** | | | ✔ |
| Date of Inquiry: | | | |
| Business Name: | | | CREDCO IMS |
| **05/31/2009** | ✔ | | |
| Date of Inquiry: | 05/30/2009 | | |
| Business Name: | KINGS CREEK PLANTATION LLC | | |

^T

# Potentially Negative Information

An item is "potentially negative" when a creditor reports that you have not met the terms of your agreement with them, which include late payments, accounts that have been charged off, accounts sent to collection, bankruptcies, liens, judgments, etc.

|  | EXPERIAN | EQUIFAX | TRANSUNI |
|---|---|---|---|
| **06/10/2009** | ✔ | | |
| Business Name: | AMERICAS SERVICING COMPANY | | |
| Account Status: | 60 DAYS PAST DUE | | |
| Status Date: | 06/01/2009 | | |
| Balance Amount: | $292212 | | |
| Balance Date: | | | |
| **06/05/2009** | ✔ | | |
| Business Name: | DISCOVER FINANCIAL SVCS LLC | | |
| Account Status: | BANK CARD / CREDIT CARD OVER CREDIT LIMIT | | |
| Status Date: | | | |
| Balance Amount: | | | |
| Balance Date: | | | ^T |

# Public Records

Public record information includes bankruptcies, liens, judgments or garnishments and comes from county, state or federal o records.

|  | EXPERIAN | EQUIFAX | TRANSUNI |
|---|---|---|---|
| No Activity Reported | | | ^T |

# New Accounts

New accounts include bankcards, credit cards, and loans including car, business, home equity, mortgage, retail, and student

|  | EXPERIAN | EQUIFAX | TRANSUNI |
|---|---|---|---|
| No Activity Reported | | | ^T |

# Address Changes

The following address changes were reported to the bureaus.

|  | EXPERIAN | EQUIFAX | TRANSUNI |
|---|---|---|---|
| No Activity Reported | | | ^T |

Home | About Us | Contact Us | Terms and Conditions | Know Your Rights | Privacy Notice UPDATED | FAQ

# EXHIBIT 3

# ☑MYCREDITHEALTH

## YOUR 3 BUREAU MERGED CREDIT REPORT

**Reference #:** F22475286        **Original Report Date:** 07/30/2009

**Name:** teresa grant        **DOB:** ▓▓▓▓▓▓
**Address:** 75 seneca rd new haven, CT 06515

## SUMMARY

| Account Type | Count | Balance | Payments | Open | Closed | Deferred/Unknown |
|---|---|---|---|---|---|---|
| Real Estate | | | | | | |
| Equifax | 5 | $292,212 | $2,942 | 1 | 4 | 0 |
| Experian | 7 | $292,212 | $2,942 | 1 | 6 | 0 |
| TransUnion | 6 | $292,212 | $2,942 | 1 | 5 | 0 |
| | | | | | | |
| Installment | | | | | | |
| Equifax | 12 | $59,795 | $1,452 | 3 | 9 | 0 |
| Experian | 15 | $59,795 | $1,452 | 3 | 12 | 0 |
| TransUnion | 12 | $59,795 | $1,452 | 3 | 9 | 0 |
| | | | | | | |
| Revolving | | | | | | |
| Equifax | 16 | $8,854 | $309 | 8 | 8 | 0 |
| Experian | 14 | $8,854 | $224 | 6 | 8 | 0 |
| TransUnion | 16 | $8,854 | $224 | 6 | 10 | 0 |
| | | | | | | |
| Other | | | | | | |
| Equifax | 3 | $238 | $0 | 1 | 2 | 0 |
| Experian | 0 | $0 | $0 | 0 | 0 | 0 |
| TransUnion | 3 | $66 | $0 | 1 | 2 | 0 |

| | Inquiries | Public Records | Collection Accounts | Delinquencies Now | Prior |
|---|---|---|---|---|---|
| Equifax | 12 | 0 | 0 | 3 | 11 |
| Experian | 18 | 0 | 0 | 3 | 9 |
| TransUnion | 24 | 0 | 2 | 3 | 6 |

# DEROGATORY INFORMATION

See Contact Information to contact creditor

## Account Information

**Account: FAMS**                    Acct #: ██████        Type: Net 30

| Bureau | Bureau Code | Date Open | High Limit | Monthly Payment | Account Balance | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| **TransUnion** | I | / | - | | $0 | 11/2007 | Settled | - |

Comments: TransUnion

| Bureau | Days Past Due 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| **TransUnion** | - | - | - | | |

**Account: PRFRMNCE CAP**                    Acct #: ██████        Type: Net 30

| Bureau | Bureau Code | Date Open | High Limit | Monthly Payment | Account Balance | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| **TransUnion** | I | / | - | - | $238 | 07/2009 | | - |

Comments: TransUnion

| Bureau | Days Past Due 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| **TransUnion** | - | - | - | | |

**Account: AMERICAS SERVICING CO**                    Acct #: ██████        Type: Real Estate

| Bureau | Bureau Code | Date Open | High Limit | Monthly Payment | Account Balance | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| **Equifax** | I | 07/2006 | $294,142 | $2,942 | $292,212 | 06/2009 | Open | $5,883 |
| **Experian** | I | 07/2006 | $294,142 | $2,942 | $292,212 | 06/2009 | Open | $5,883 |
| **TransUnion** | I | 07/2006 | $294,142 | $2,942 | $292,212 | 06/2009 | Open | $5,883 |

Comments: Experian Account in dispute - reported by subscriber (FCBA) TransUnion Conventional Real Estate Mortgage

| Bureau | Days Past Due 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| **Equifax** | 6 | 3 | 1 | 12/2008 | 30 30 60 60 30 30 ✔ ✔ ✔ ✔ ✔ ✔ / ✔ ✔ / 90 60 30 30 ✔ ✔ ✔ ✔ ✔ ✔ |
| **Experian** | 6 | 4 | 1 | 06/2009 | 60 30 30 60 60 30 ✔ ✔ ✔ ✔ ✔ ✔ / ✔ ✔ — 90 — 60 30 30 ✔ ✔ — ✔ |
| **TransUnion** | 6 | 3 | 1 | 06/2009 | 60 30 30 60 60 30 30 ✔ ✔ ✔ ✔ ✔ ✔ ✔ ✔ — 90 60 30 30 ✔ ✔ — ✔ |

**Account: DISCOVER FIN SVCS LLC**                    Acct #: ██████        Type: Revolving

| Bureau | Bureau Code | Date Open | High Limit | Monthly Payment | Account Balance | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| **Equifax** | I | 01/2001 | $5,000 | $137 | $4,957 | 07/2009 | Open | - |
| **Experian** | I | 01/2001 | $5,251 | $137 | $4,957 | 07/2009 | Open | - |
| **TransUnion** | I | 01/2001 | $5,251 | $137 | $4,957 | 07/2009 | Open | $0 |

Comments: TransUnion Credit Card

# EXHIBIT 4

# BROWN & WELSH, P.C.

*Attorneys at Law*

MERIDEN EXECUTIVE PARK
530 PRESTON AVENUE
SECOND FLOOR
POST OFFICE BOX 183
MERIDEN, CONNECTICUT 06450-0183
TELEPHONE: (203) 235-1651
TELECOPIER: (203) 235-9600
WWW.BROWNWELSH.COM

June 12, 2009

America's Servicing Company
Loss Mitigation



### Via telecopy 1-866-590-8910

Re:  Teresa Grant, 75 Seneca Road, New Haven, CT 06515
     Loan Number ███████████

To Whom It May Concern:

　　　Please consider this a qualified written request under the Real Estate Settlement Procedures Act demanding that ASC credit mortgage payments immediately, upon receipt from Teresa Grant, of 75 Seneca Road, New Haven, Connecticut, on loan number 1100220890, held by Lehman Brothers.

　　　ASC, as the servicing company on Ms. Grant's mortgage, repeatedly, and without reason, has held Ms. Grant's payments in suspense.  By holding these payments, which arrive to ASC on time, in suspense, ASC seriously damages Ms. Grant's credit.  Ms. Grant's credit reports reflect numerous 60 and 90-day late reports that exist solely because ASC holds her account in suspense for no reason.  ASC must credit Ms. Grant's immediately account upon receipt of her payments.

　　　Under the federal Real Estate Settlement Procedures Act, ASC has twenty (20) days to respond to this letter and sixty (60) days to correct the problems as outlined by this letter.  According to RESPA, 12 U.S.C. §2605(e)(2)(A), ASC will "make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower)."

　　　Furthermore, under 12 U.S.C. §2605(e)(3), during the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such

F:\WORK\HPL\LTR\ASC 2009-06-09.doc

America's Servicing Company
June 12, 2009
Page 2

borrower and relating to such period or qualified written
request, to any consumer reporting agency (as such term is
defined under section 1681a of title 15).  Therefore, ASC will
not provide any information regarding any overdue payment to any
consumer reporting agency during this 60 day period, except to
correct prior mistakes in reporting.

    If ASC fails to correct its error, 12 U.S.C. §2605(f)(1)
provides for an individual cause of action by Ms. Grant for
damages.  If this practice of holding Ms. Grant's mortgage in
suspense continues, expect legal action to be taken against ASC.

    Moreover, please provide the names and addresses of all
credit bureaus who were provided information on Ms. Grant's loan.
 Since problems may be extant in those files, ASC has thirty (30)
days following receipt of this demand to send validation reports
concerning Ms. Grant to us.  Also, please confirm that this debt
was not claimed as a loss to any insuring entity during the
period that may have been payable.  This is more than an account
review.  Without successful completion of these requests, data
disseminated from American Servicing Company to major credit
reporting agencies will be assumed untrustworthy and may evidence
a nullification of Ms. Grant's consumer rights.  Given that
outcome, please recall such credit bureau material quickly, upon
your next CRA transmittal.

    Thank you in advance for your time and cooperation, and I
look forward a rapid resolution of this correspondence.

                    Most cordially;

                    Houston Putnam Lowry, Esq.
                    HPLowry@brownwelsh.com

F:\WORK\HPL\LTR\ASC 2009-06-09.doc

# BROWN & WELSH, P.C.
MERIDEN EXECUTIVE PARK, 530 PRESTON AVENUE, POST OFFICE BOX 183, MERIDEN, CONNECTICUT 06450-0183